UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MATTHEW DAVID SLUSS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 15-cv-1475-TSC |
| DANIEL RENAUD[1] *et al.*, | ) ) ) | |
| Defendants. | ) ) ) ) | |

## MEMORANDUM OPINION

Plaintiff Matthew David Sluss, proceeding *pro se*, filed this action for declaratory and injunctive relief against the United States Department of Homeland Security, its component Citizenship and Immigration Services (USCIS), and USCIS's Associate Director, who at the relevant time period was Donald Monica but is currently Daniel Renaud. Plaintiff seeks "to remedy the Defendant's pattern and practice Ultra Vires Conduct in excess of statutory authority," which he claims has deprived him of "equal protection, procedural, and substantive due process rights."[2] (Compl. ¶ 2.)

---

[1]   By substitution pursuant to Fed. R. Civ. P. 25(d).

[2]   An ultra vires claim is an exception to sovereign immunity, "based on the principle that such . . . action by a federal officer [or an agency] 'is beyond the officer's [or agency's] powers and is, therefore, not the conduct of the sovereign.'" *Pollack v. Hogan*, 703 F.3d 117, 119-20 (D.C. Cir. 2012) (quoting *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 690 (1949)). Thus, the claim may be "for specific relief against officers of the sovereign allegedly acting beyond statutory authority or unconstitutionally." *Id.* (quoting *Larson* at 689) (internal quotation marks omitted). *See*

1

Contending that this action is foreclosed by Plaintiff's prior case, *Sluss v. U.S. Citizenship & Immigration Servs.*, 899 F. Supp. 2d 37 (D.D.C. 2012) (*Sluss I*), Defendants move to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds of *res judicata*. (Defs.' Mot. to Dismiss Pl.'s Compl, ECF No. 11.) In the alternative, Defendants assert that Plaintiff fails to state a claim upon which relief can be granted. Because Plaintiff could have presented his ultra vires and constitutional claims in the previously adjudicated case, the Court agrees that *res judicata* applies. Consequently, Defendants' motion will be granted for the reasons explained more fully below.

## I. BACKGROUND

The factual allegations set out in paragraphs 23-25 of the Complaint are substantially the same as those recited in *Sluss I*, in which the court wrote:

> On September 7, 2010, plaintiff "officially renounced his citizenship by taking an oath while in Toronto, Ontario, Canada ... at a Services Canada Government Center . . . and receiv[ing] his Canadian SIN (social insurance number)." On September 15, 2010, before he could relocate to Toronto, plaintiff "was subjected to a search and arrest warrents [sic]. [He] has been since incarcerated[ ]" in the United States. On July 8, 2011, plaintiff "sent an affidavit [and] separate request for expatriation" to the USCIS, stating that he is "a dual citizen of the United States and Canada[,]" who is renouncing his U.S. citizenship "[p]ursuant to 8 U.S.C. § 1481(a)(6) . . . ." Thereafter, plaintiff received an unsigned letter dated July 25, 2011, from the State Department advising him that "one can only renounce one's U.S. citizenship pursuant to Section 359(a)(5) of the Immigration and Nationality Act ["INA"] before a U.S. diplomatic or consular office at a U.S. embassy or consulate abroad[,]" and that questions about

---

*also Hunter v. FERC*, 569 F. Supp. 2d 12, 16 (D.D.C. 2008) ("Courts will exercise their power to review alleged ultra vires agency action when an agency patently misconstrues a statute, disregards a specific and unambiguous statutory directive, or violates a specific command of a statute.") (citing *Griffith v. FLRA*, 842 F.2d 487, 493 (D.C. Cir. 1988)).

2

> renouncing "one's U.S. citizenship pursuant to Section 349(a)(6) . . . must be directed to USCIS." On August 3, 2011, plaintiff "responded" to the State Department's letter and "again" sought to renounce his citizenship under § 1481(a)(6) in a letter to USCIS. When he received no response from either agency, plaintiff wrote both agencies on October 16, 2011, and again on February 13, 2012, "[w]hile preparing the case-in-chief . . . ." Plaintiff filed this civil action on March 19, 2012, from a correctional facility in Baltimore, Maryland. By letter of July 12, 2012, USCIS advised plaintiff that it could not proceed on his request "at this time" because a person renouncing his U.S. citizenship "while present in the United States [must] appear for an interview in person at a designated USCIS office." USCIS informed plaintiff that it "will not interview potential renunciants by phone or video link, and will not travel to prisons or jails to conduct renunciation interviews," but that he was free to resubmit his renunciation request and evidence showing that he has "satisfied all the legal requirements for renunciation" after his release from prison.

*Sluss*, 899 F. Supp. 2d at 39 (internal record citations and footnote omitted) (alterations in original). In this case, Plaintiff alleges that he has "again attempted to expatriate on 1/13/15, 4/15/15, and on 5/11/15" but "has received no responses from the 2015 letters." (Compl. ¶¶ 26-27.) Plaintiff stresses, however, that "[t]his is not an action for mandamus, or review of any administrative order or decision to affirm, amend, modify, or set aside any part of any order or decision. Instead, this action [] constitute[s] a broad challenge to the unconstitutional, unlawful, and Ultra Vires practices and procedures employed by the Defendants, as applied, to Plaintiff[.]" (*Id*. ¶ 13.)

Plaintiff filed this action on September 9, 2015, labeling his claims as follows: Count I, Fifth Amendment to the U.S. Constitution; Count II, Fourteenth Amendment to the U.S. Constitution; Count III, Administrative Procedure Act, 5 U.S.C. § 551; Count IV Administrative Procedure Act, 5 U.S.C. § 701; Count V, Declaratory and Injunctive Relief, 28 U.S.C. § 2201 & Fed. R. Civ. P. 65.

3

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal on the grounds that the plaintiff has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

"In ruling on a motion to dismiss, the Court may consider not only the facts alleged in the complaint, but also documents attached to or incorporated by reference in the complaint and documents attached to a motion to dismiss for which no party contests authenticity." *Demissie v. Starbucks Corporate Office & Headquarters*, 19 F. Supp. 3d 321, 324 (D.D.C. 2014). Therefore, "'where a document is referred to in the complaint and is central to the plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment' . . . 'Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied'. . . Moreover, a document need not be mentioned by name to be considered 'referred to' or 'incorporated by reference' into the complaint." *Strumsky v. Washington Post Co.*, 842 F. Supp. 2d 215, 217-18 (D.D.C. 2012) (citations omitted); *see also Long v. Safeway, Inc.*, 842 F. Supp. 2d 141, 144-45 (D.D.C. 2012), *aff'd*, 483 Fed. Appx. 576 (D.C. Cir. 2012). In addition, the Court may take judicial notice of public court records, particularly when assessing a *res judicata* argument because "all relevant facts are

4

shown by the court's own records, of which the court takes notice." *Redmon v. United States Capitol Police*, 80 F. Supp. 3d 79, 85, n.7 (D.D.C. 2015) (quoting *Hemphill v. Kimberly-Clark Corp.*, 530 F. Supp. 2d 108, 111 (D.D.C. 2008)).  Given that the Court is relying on its own public records to resolve the motion, it denies Plaintiff's request to treat the motion to dismiss as one for summary judgment under Fed. R. Civ. P. 56.  (*See* Pl.'s Opp'n at 1, ECF No. 17.)

**III. ANALYSIS**

**1. Dismissed Claims**

As an initial matter, the Court hereby dismisses all but two counts (one and five) of the Complaint.  Count II is dismissed because the Fourteenth Amendment "applies only to the states," *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954), as opposed to the federal defendants sued here.  Plaintiff has withdrawn Count III, which arises under the APA's rulemaking requirements.  (Pl.'s Opp'n at 18.)  And Plaintiff's clarification in the Complaint that he is not seeking review of "any administrative order or decision" or "to affirm, amend, modify, or set aside any part of any order or decision" negates Count IV, which arises under the APA's judicial review provisions set out at 5 U.S.C. §§ 701-06.  *See Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 188-89 (D.C. Cir. 2006) (noting that "[t]he problem with relying on the APA . . . is that '§ 704 limits causes of action under the APA' to 'final agency action.' Thus, although the absence of final agency action would not cost federal courts their jurisdiction, . . . it would cost Trudeau his APA cause of action") (quoting *Center for Auto Safety v. Nat'l Highway Traffic Safety Admin.*, 452 F.3d 798, 805 (D.C. Cir. 2006)).  This leaves for resolution Count I, arising

5

under the Fifth Amendment (Compl. at 11) and Count V, for Declaratory and Injunctive Relief (*Id.* at 15).

## 2. Res Judicata

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "[T]he doctrine is designed to conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981). Under claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Thus, a final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts' . . . ." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977)). It also bars the litigation of "issues that were or *could have been raised* in [the prior] action." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (emphasis in original) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). As directly applicable here, "a party cannot escape application of the doctrine by raising a different legal theory or seeking a different remedy in the new action that was available to [him] in the prior action." *Duma v. JPMorgan Chase*, 828 F. Supp. 2d 83, 86-87 (D.D.C. 2011) (citing *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 217 (D.C. Cir. 2004)).

"A subsequent lawsuit is barred by claim preclusion 'if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Nat. Res. Def. Council v. EPA*, 513 F.3d 257, 260 (D.C. Cir. 2008) (quoting *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)). Whether two suits are based on the same claim "'turns on whether they share the same nucleus of facts.'" *Id.* (quoting *Apotex, Inc.*, 393 F.3d at 217).

This case involves the same parties and the same nucleus of facts adjudicated in *Sluss I*. Thus, the fact that Plaintiff is now challenging on ultra vires or constitutional grounds "the over-arching USCIS [in-person interview] policy," rather than the July 12, 2012 determination letter addressed in *Sluss I* (Pl.'s Opp'n at 2), is inconsequential under claim preclusion analysis. *See Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (noting that "'it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies.'") (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (2d Cir. 1977)).

Plaintiff makes three additional arguments for why *res judicata* should not apply, none of which the Court finds persuasive.

First, Plaintiff argues that *Sluss I* was not a final judgment on the merits. (Pl.'s Opp'n at 3-4.) But that argument is contradicted by the post-judgment ruling in *Sluss I* where the court makes clear that "this case was dismissed on the merits of plaintiff's APA and mandamus claims, which he did not contest via a Rule 59(e) motion to this

Court or an appeal to the Court of Appeals." *Sluss v. United States Citizenhip and Immigration Servs.*, No. 12-417 (D.D.C. June 30, 2015), ECF No. 27 at 4.

Second, Plaintiff asserts that at the time he filed *Sluss I* in 2012, he was unaware of the "office-only" interview policy. (Pl.'s Opp'n at 5.) While *res judicata* does not bar parties from bringing claims based on material facts not in existence at the time of the original suit, *Apotex*, 393 F.3d at 218, Plaintiff admits that he learned about the policy during *Sluss I* when he received USCIS' July 12, 2012 determination letter. (Pl.'s Opp'n at 5.) The letter is dated more than one month before the defendant filed a motion to dismiss in *Sluss I* and more than three months before the clerk entered the final order of dismissal on October 20, 2012. Plaintiff therefore acquired sufficient information to formulate his ultra vires and constitutional claims during *Sluss I*, and he could have brought those claims in the amended complaint he was permitted to file on August 10, 2012. *See Sluss*, No. 12-417, ECF No. 13; *cf. Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997) ("Federal law is clear that *post-judgment events* give rise to new claims, so that claim preclusion is no bar.") (emphasis added)).

Third, Plaintiff argues that "circuit precedent wrongly denied him standing to press constitutional claims flowing from USCIS refusal to provide him with an in-person interview other than in the USCIS offices." (Pl.'s Opp'n at 5.) This argument has no traction because Plaintiff did not appeal *Sluss I*. Nor did he appeal the court's denial of his motion to vacate judgment under Fed. R. Civ. P. 60(b). *See Sluss*, No. 12-417, ECF No. 27. The Supreme Court has explained that the "the res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact

8

that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, (1981). This is because "[t]he appeal process is available to correct error; subsequent litigation is not."[3] *Hardison*, 655 F.2d at 1288.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that this action is barred by *res judicata*. Therefore, Defendants' motion to dismiss is granted. A separate order accompanies this Memorandum Opinion.

Date: August 25, 2016              *Tanya S. Chutkan*
                                    TANYA S. CHUTKAN
                                    United States District Judge

---

[3] The Court of Appeals has recognized that "on rare occasions the courts have been willing to override the bar of *res judicata* for reasons of compelling public policy," involving, *e.g.*, "paramount questions of constitutional law or exclusive jurisdiction." *Hardison*, 655 F.2d at 1288-89 (footnotes omitted). This case, pertaining solely to Plaintiff, comes nowhere near satisfying that standard "to overcome the normal application of *res judicata*." *Id*. at 1289. Even if Plaintiff has a fundamental right to expatriate, as he argues, that right is tempered by at least three realities: (1) A United States citizen has "a constitutional right to remain a citizen in a free country *unless he voluntarily relinquishes that citizenship*." *Afroyim v. Rusk*, 387 U.S. 253, 268 (1967) (emphasis added); (2) Congress, by statute, has conferred upon the Secretary of Homeland Security (previously the State Department) "the discretion to determine whether an individual has adequately renounced affiliation with the United States so as to trigger that right." *Lozada Colon v. U.S. Dep't of State*, 2 F. Supp. 2d 43, 45 (D.D.C. 1998); and (3) "Congress enjoys 'broad power over naturalization and immigration.'" *Asemani v. U.S. Citizenship & Immigration Servs.*, 797 F.3d 1069, 1078 (D.C. Cir. 2015) (quoting *Demore v. Kim*, 538 U.S. 510, 521 (2003)). In addition, "[t]o challenge agency action on the ground that it is ultra vires, [Plaintiff] must show a patent violation of agency authority," which must be "obvious or apparent." *Florida Health Sciences Ctr., Inc. v. Sec'y of Health and Human Serv's.*, ___ F.3d ___, ___, 2016 WL 3996711, at *6 (D.C. Cir. July 26, 2016) (citation and internal quotation marks omitted). Thus, even if Plaintiff could overcome the *res judicata* barrier, he has pleaded no facts satisfying the ultra vires standard.